CLAUDIA A. COSTA
CCOSTA@GRSM.COM
DIRECT DIAL: (212) 453-0779



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
UNITED STATES OF AMERICA
WWW.GRSM.COM

February 23, 2023

**VIA ECF**
The Honorable Paul G. Gardephe, USDJ
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    Bryan Velazquez v. The Spice & Tea Exchange Distribution, LLC
              Case No.: 1:22-cv-07535-PGG-RWL

Dear Judge Gardephe:

      In accordance with Your Honor's Rules and prior Order, Defendant, The Spice and Tea Exchange Distribution, LLC's ("TSTE") submits this letter seeking a pre-motion conference and/or leave to file a motion to dismiss the Amended Complaint. As more fully set forth herein, no amendment will save Plaintiff's Complaint since the website about which Plaintiff complains is complaint and this lawsuit is one in a series of similar suits brought by Plaintiff and at the very least, is moot.

      Plaintiff Bryan Velazquez ("Plaintiff") claims that Defendant's website, www.spiceandtea.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"). These are the same allegations Plaintiff has made over 85 times in this District in 2022 alone. However, in this case, there are no violations. Indeed, the original Complaint filed by Plaintiff was verbatim to the many others filed in this District.

      While the Court permitted an amendment, no amendment would change one critical fact—the website is ADA complaint. Prior this action having been filed by Plaintiff, TSTE had already remediated its website to ensure its compliance with the Web Content Accessibility Guidelines 2.1 ("WCAG 2.1"). TSTE had previously been the subject of a similar lawsuit 2 years ago. <u>See, Romero v. The Spice & Tea Exchange Distribution, LLC</u>, Docket No. 1:20-cv-09059-JPO, S.D.N.Y 2021). That lawsuit was voluntarily dismissed because TSTE had already remediated the site, installed a program and hired a company to ensure compliance. Immediately upon the filing of a motion to dismiss, Plaintiff withdrew the Complaint.

The Honorable Paul G. Gardephe, USDJ
February 23, 2023
Page 2

Since that time, TSTE continues to have the same procedures in place. In fact, TSTE now has two companies that review its website and ensure that it is ADA complaint. Therefore, Plaintiff's Complaint is moot and it is respectfully submitted that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Requests for injunctive relief under the ADA will be moot if a defendant's voluntary compliance with the statute makes "absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000). Specifically, "[t]he voluntary cessation of allegedly illegal activity may render a case moot 'if the defendant can demonstrate that [1] there is no reasonable expectation that the alleged violation will recur and [2] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Clear Channel Outdoor, Inc. v. City of New York, 594 F.3d 94, 110 (2d Cir. 2010).

In the context of ADA claims regarding website accessibility, the Southern District of New York has held that claims may be moot where the defendant has (1) "remedied all of the alleged ADA violations," (2) "has ensured that no additional barriers to accessing the Website exist, and (3) "has committed to ensuring access on a going-forward basis." Diaz v. The Kroger Co., 1:18-cv-07953, 2019 WL 2357531, at *3 (S.D.N.Y. June 6, 2019).

Defendant's to this day continue to employ services to ensure compliance and are consistently maintaining the web site and curing any defects found. Under the relevant case law, it is respectfully submitted a pre-motion conference be scheduled and/or that Defendant be permitted to move to dismiss the matter. Defendant was previously sued. It remediated the web site and has 2 services in place maintaining the website. Defendant should not continue to be the subject of claims by serial Plaintiffs when it has made every effort to comply with the law.

Respectfully submitted,

/s/ Claudia A. Costa

Claudia A. Costa

CAC:sav

cc:     All Counsel of Records (Via ECF)