YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
RAPHAEL DEUTSCH ∧
TAMIR SALAND▲
MARK ROZENBERG▪
KENNETH WILLARD▲▪

▲ NJBar Admissions
^ CT & NJ Bar Admissions
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

Stein | Saks, PLLC

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

February 28, 2023

The Honorable Paul G. Gardephe, USDJ
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

**Via ECF**

        Re:    *Bryan Velazquez v. The Spice & Tea Exchange Distribution, LLC*
              Docket No. 1:22-cv-07535-PGG-RWL
              **Plaintiff's Response In Opposition to Defendant's Request for Pre-Motion Conference**

Dear Judge Gardephe:

    We represent the plaintiff in the above-captioned matter. We write in opposition to Defendant The Spice & Tea Exchange Distribution, LLC's ("Defendant" or "Spice & Tea") request for a pre-motion conference in anticipation of moving for dismissal of this matter under Fed. R. Civ. P. 12(b)(1). Plaintiff respectfully asks that the Court deny Defendants' request. In the event that the Court chooses to hear Defendant's motion, the Motion should be denied for the reasons set forth below.

<u>Background</u>

    The Complaint alleges that Defendant violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, by failing to provide equal access to blind persons such as Plaintiff Bryan Velazquez ("Plaintiff" or "Velazquez"). Plaintiff visited the website that is hosted by Defendant, www.spiceandtea.com (the "Website"), on two separate occasions last year, June 15, 2022, and again on July 5, 2022. On both of those occasions, Plaintiff encountered a litany of problems that prevented him

from properly accessing and navigating the various webpages, such as broken links, missing alt. text, and duplicate or missing title elements on webpages. *See* Dkt. # 1, ¶¶ 25, 26, 27, 28.

Without filing a premotion letter seeking leave to file a motion pursuant to the Court's Individual Rules, IV., A., Defendant fired off a motion to dismiss attacking Plaintiff's standing under Article III of the U.S. Constitution. *See* Dkt. # 14. Plaintiff filled a letter in response seeking leave to amend to address the issues raised by the motion. *See* Dkt. # 19. Leave was granted, and Plaintiff filed a First Amended Complaint ("FAC") fleshing out in detail the various problems encountered by Plaintiff when he visited the Website last summer. *See* Dkt. Nos. 20, 24.

Those problems include the following: Plaintiff could not properly learn about the products on the webpages because of poorly descriptive alternative text that was either very similar to other text for different products or offered no real information about them. Dkt. # 24, ¶ 27. Plaintiff was prevented from using the interactive element "choose an option" because it could not be focused with the tab key using Plaintiff's keyboard. *Id.* at ¶ 28. And the telephone number provided on the "Contact Us" webpage was only offered in plain text, preventing Plaintiff from calling Defendant to get clarification about the various products. *Id.* at ¶ 29.

What's more, the FAC detailed the various significant shortcomings that continue to plague the Website, in violation of Web Content Accessibility Guidelines ("WCAG 2.1"), the widely acknowledged industry standard for determining compliance with the ADA. Those problems include text instead of real text embedded in images on the homepage, preventing Plaintiff from getting an understanding of the images; the search combobox not allowing repeated content to be expanded or collapsed; repeatedly being forced to tab through elements with the same destination on the Category webpage because links led to the same destinations as other links on the same product and conveyed similar information; links that led to another website without any callout to the blind user that a third party website was involved; an overly long title heading that was more than 100 characters, resulting in an unwieldly user experience for the blind user that was significantly different from sighted users; inability to use the provided email address on the Website because it was presented in plain text; no warning about a new pop-up window when Plaintiff tried to access social media links provided on the Website; no auto fill-in search suggestions; as well as the problems detailed above. *See* Dkt. # 24, ¶¶ 31a)-k).

Despite this laundry list of issues, all of them unique to this Website, Defendant now abandons its initial argument that Plaintiff has no standing and requests leave instead to file a motion to dismiss under Rule 12(b)(1) on the basis of mootness. Defendant claims that the Website is ADA compliant as a result of remediation efforts that have been made on the Website as a result of a previous lawsuit filed against the same Defendant for the very same issues. As will be set forth below, these arguments have no merit and leave should be denied.

Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)(citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

The Spice & Tea Exchange Distribution, LLC
February 28, 2023

Legal Argument

"In general, 'a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994). "The mootness doctrine is riddled with exceptions, however." *Comer*, 37 F.3d at 798. One of these exceptions is the voluntary cessation doctrine. 37 F.3d at 798. The voluntary cessation doctrine "recognizes [] that 'a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued.'" *Gropper v. Fine Arts Hous., Inc.*, 12 F. Supp. 3d 664, 669 (S.D.N.Y. 2014). "'Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends.'" *De La Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 201 (S.D.N.Y. 2016). "Accordingly, a defendant asserting mootness 'bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *De La Rosa*, 175 F. Supp. 3d at 201.

Defendant's claims that it has voluntarily ceased the offending conduct is not enough to satisfy its formidable burden to establish mootness. Defendant's arguments, in fact, substantially mimic exactly the kind of voluntary cessation cases where the defendant's pleas for mercy have fallen on deaf ears as they do nothing to establish that Defendant has engaged in the kind of persistent course of conduct, replete with written policies, affidavits of corporate officers and vendors, and expert analysis, that establish not only that the offending conduct has ceased, but that it will not restart again. *See Gropper*, 12 F. Supp. 3d at 670 (noting a two-part test to establish mootness); *see also Farez-Espinoza v. Napolitano*, 2009 U.S. Dist. LEXIS 35392, at *14 (S.D.N.Y. Apr. 27, 2009)("A general disclaimer of intent to revive the allegedly unlawful conduct is insufficient in itself to overcome the defendant's heavy burden."); *see also Hilton v. Wright*, 235 F.R.D. 40, 48-49 (N.D.N.Y. 2006)(rejecting a mootness challenge to a substance abuse program instituted in the prison system where prisoners were required to certify their enrollment in the program as a prerequisite to receiving Hepatitis C treatment, when the medical officer administering the program made it clear he was only reversing policy under "guidance" from the courts which had previously rejected the program as unconstitutional); *see also Lallave v. Martinez*, No. 22-CV-791 (NGG) (RLM), 2022 U.S. Dist. LEXIS 115101, at *26-27 (E.D.N.Y. June 28, 2022)("Though not a 'necessary element' of this mootness exception, courts are often influenced by evidence that a party voluntarily halted its behavior 'to avoid an unfavorable decision.'")(citing cases).

The same concerns raised in these cases are implicated here. Defendant has purportedly remediated the Website in response to a previous lawsuit, and apparently in an effort to head off similar lawsuits in the future. And the concerns raised by these cases that once the threat has passed, the offending conduct will continue is also implicated here. It should be fairly obvious that problems with the Website continue to this day. Plaintiff has presented a whole host of problems, none of which Defendant has addressed in any sort of detail, only claiming general denials that the Website has been remediated after the lawsuit against it for the same problem. Defendant offers no rebuttal, with any sort of specifics, to the particularized problems that Plaintiff encountered on the Website, apparently well after Defendant took efforts to remediate the Website. Plaintiff's uncontested allegations in this case should serve as notice that the Website is far from remediated, the case is not moot, and that Defendant's claims of same implicate the concerns of the courts above that voluntary cessation in the face of impending litigation does not establish the kind of certitude that the offending conduct will not repeat itself in the future, something courts in this jurisdiction have routinely required to establish mootness.

The Spice & Tea Exchange Distribution, LLC
February 28, 2023

                                                  Respectfully submitted,

                                                  */s/ Kenneth Willard*
                                                  Kenneth Willard
                                                  Stein Saks, PLLC
                                                  One University Plaza, Suite 620
                                                  Hackensack, NJ 07601
                                                  Email: kwillard@steinsakslegal.com
                                                  *Attorney for Plaintiff*

cc:     All Counsel of Record via ECF