```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRYAN VELAZQUEZ, individually and          :
on behalf of all others similarly situated, :
                                            :     22-CV-7535 (PGG) (RWL)
                          Plaintiffs,       :
                                            :     **REPORT AND RECOMMENDATION**
          - against -                       :     **TO HON. PAUL G. GARDEPHE:**
                                            :     **MOTION TO DISMISS**
THE SPICE & TEA EXCHANGE, LLC,              :
                                            :
                          Defendant.        :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Bryan Velazquez ("Velazquez" or "Plaintiff") is a visually impaired and legally blind person. Velazquez brought this action against Defendant The Spice & Tea Exchange, LLC ("Spice & Tea" or "Defendant"), alleging that its website violates the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.* ("ADA") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). Spice & Tea now moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and lack of supplemental jurisdiction under 28 U.S.C. § 1367 based on two grounds: that Velazquez does not have standing to bring his claim, and, in any event, the matter is moot because Spice & Tea's website is ADA compliant. For the reasons set forth below, I recommend that Spice & Tea's motion be DENIED.

**FACTUAL BACKGROUND**[1]

Velazquez is a visually impaired and legally blind person who needs screen-

---

[1] The facts are based on the First Amended Complaint at Dkt. 24 ("Am. Compl."), the well-pled allegations of which are accepted as true for purposes of this motion.

reading software to browse websites. (Am. Compl. ¶ 2.) Spice & Tea owns and operates www.spiceandtea.com (the "Website"), through which it sells tea to retail customers. (*Id.* ¶¶ 21, 25.) On June 15, 2022, Velazquez visited the Website with an intention to purchase an organic green tea gift box. (*Id.* ¶ 26.) However, he could not access the Website due to its lack of accommodations, such as alternative text, that would allow visually impaired people to browse the website the same way sighted people do. (*Id.* ¶¶ 27-32.) Velazquez revisited the Website on July 5, 2022, only to encounter similar accessibility barriers. (*Id.* ¶ 26.) Velazquez intends to return to the Website to purchase organic tea products if it is made accessible to him. (*Id.* ¶ 33.)

## PROCEDURAL BACKGROUND

Velazquez commenced this action for violation of Title III of the ADA and the NYCHRL on September 2, 2022, on behalf of himself and those similarly situated. (Dkt. 1.) He seeks a preliminary and permanent injunction, declaratory judgment, class certification, compensatory damages, pre- and post-judgment interest, and attorneys' fees. (*Id.* at 19-20.) Velazquez filed his Amended Complaint on February 16, 2023. (Dkt. 24.) On December 1, 2023, Spice & Tea filed the instant motion to dismiss for lack of subject matter jurisdiction. (Dkt. 45.) In addition to a supporting memorandum of law (*see* Def. Mem.[2]), Spice & Tea also filed a certification from its counsel Claudia A. Costa

---

[2] "Def. Mem." refers to Memorandum Of Law In Support Of Defendant's Motion To Dismiss Plaintiff's Amended Complaint. (Dkt. 46.)

2

("Costa Aff."³), an affidavit from Spice & Tea's CEO Amy Freeman ("First Freeman Aff."⁴), and a website compliance report by Crimson Agility, a Website Content Accessibility Guidelines ("WCAG") 2.1 compliance analyst (First Freeman Aff., Ex. A at Dkt. 45-18). In response, Velazquez filed an opposing brief ("Pl. Opp."⁵), along with an affidavit from Velazquez's counsel Kenneth Willard ("Willard Aff."⁶), an affidavit from Velazquez ("Velazquez Aff."⁷), and a website diagnostic report (Dkt. 48-4, Ex. A). Spice & Tea replied (*see* Def. Reply⁸), attaching a second affidavit from Amy Freeman ("Second Freeman Aff."⁹), an affirmation from Spice & Tea's Information Technology ("IT") Manager Patrick Domingues ("Domingues Aff."¹⁰), and a website compliance report by accessiBe, a WCAG 2.1 compliance software (Dkt. 47-4; Ex. A).

---

³ "Costa Aff." refers to Certification Of Claudia A. Costa In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint, dated July 28, 2023. (Dkt. 45-1.)

⁴ "First Freeman Aff." refers to The Affidavit of Amy Freeman, dated January 23, 2023. (Dkt. 45-17.)

⁵ "Pl. Opp." refers to Plaintiff's Memorandum Of Law In Support Of His Opposition To Defendant The Spice & Tea Exchange, LLC's Motion To Dismiss Under Rule 12(b)(1). (Dkt. 48.)

⁶ "Willard Aff." refers to The Affidavit Of Kenneth Willard In Support Of Plaintiff's Opposition to Defendant's Motion to Dismiss, dated September 1, 2023. (Dkt. 48-2.)

⁷ "Velazquez Aff." refers to The Affidavit Of Brian Velazquez In Support Of Plaintiff's Opposition to Defendant's Motion to Dismiss, dated August 15, 2023. (Dkt. 48-3.)

⁸ "Def. Reply" refers to Reply Brief In Further Support Of Defendant's Motion To Dismiss. (Dkt. 47.)

⁹ "Second Freeman Aff." refers to The Affidavit of Amy Freeman, dated September 20, 2023. (Dkt. 47-1.)

¹⁰ "Domingues Aff." refers to The Affirmation Of Patrick Domingues In Further Support of Motion to Dismiss, dated September 21, 2023. (Dkt. 47-3.)

## LEGAL STANDARDS

A.   **Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate [the case]." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1).  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court "accept[s] as true all material [factual] allegations of the complaint" and "draw[s] all reasonable inferences in favor of the plaintiff."  *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (internal citations omitted).

There are two types of Rule 12(b)(1) motions:  facial and fact-based.  *Id.* at 56-57.  A facial Rule 12(b)(1) motion is based "solely on the allegations of the complaint or the complaint and exhibits attached to it," and "the plaintiff has no evidentiary burden."  *Id.* at 56.  If the defendant makes a facial motion, the district court should determine whether the pleading "allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue."  *Id.* (quoting *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145) (alteration in original) (internal quotation marks omitted).

In contrast, a fact-based Rule 12(b)(1) motion involves "evidence beyond the [p]leading."  *Id.* at 57; *see also Zappia Middle East Construction Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (on a fact-based jurisdictional motion, the court "may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits") (internal quotation marks and citation omitted).  For a fact-based motion, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova*, 210 F.3d at 113.  The

4

plaintiff must "come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion … reveal the existence of factual problems' in the assertion of jurisdiction." *Carter*, 822 F.3d at 57 (quoting *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). However, the plaintiff may "rely on the allegations in the [p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.*

**B.    Standing**

Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" and "controversies." U.S. Const., Art. III, § 2. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case – in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). Standing is a "threshold matter of justiciability," *Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp.3d 365, 370 (S.D.N.Y. 2022), and if the plaintiff lacks standing to sue, the court must dismiss the plaintiff's claim for lack of subject matter jurisdiction. Fed R. Civ. P. 12(h)(3).

To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Calcano v. Swarovski North America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *TransUnion*, 594 U.S. at 423). Moreover, a plaintiff seeking injunctive relief "may not rely solely on past injury, but also must establish that 'she is likely to be harmed again in the future in a

5

similar way.'" *Id.* at 74 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)).

## DISCUSSION

Spice & Tea offers two primary arguments in support of dismissal. First, Spice & Tea argues that Velazquez does not have standing because he has not sufficiently set forth facts demonstrating his intent to return to the Website. Second, Spice & Tea asserts that Velasquez's claim is moot because Spice & Tea already has made its Website ADA-compliant as testing confirms.[11] The Court addresses each argument in turn.

### A.     **Velazquez Has Standing**

Spice & Tea claims that Velazquez does not have standing because Velazquez failed to allege facts demonstrating his intent to return to the Website. (Def. Mem. at 3-5.) Velazquez counters that he sufficiently alleged "critical details that establish [his] Article III standing." (Pl. Opp. at 1.) The Court agrees with Velazquez. Velazquez has satisfied the requirements of Article III standing because he offers sufficiently detailed allegations to allow the Court to infer he intends to return to the Website.

---

[11] Spice & Tea raises a third argument in its reply brief, asserting that a Title III plaintiff must notify the defendant of the alleged disability before filing suit. (Def. Reply at 6.) It is well-settled that "[a]rguments brought for the first time in a reply brief need not be addressed by the Court." *Unlimited Cellular, Inc. v. Red Points Solutions SL*, 677 F. Supp.3d 186, 205 (S.D.N.Y. 2023); *see also ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in reply brief"). Accordingly, the Court need not reach Spice & Tea's newly minted argument. In any event, the argument fails on the merits because the notification requirement applies to claims of a defendant's failure to make reasonable accommodation, not an accessibility case such as this one. *See, e.g.*, *McBride v. BIC Consumer Products Manufacturing Co., Inc.*, 583 F.3d 92, 97 (2d Cir. 2009) (applying notification requirement in a failure to accommodate claim in the employment discrimination context).

The ADA offers private plaintiffs the prospect of only injunctive relief, not compensatory damages. *Powell v. National Board of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages"). To satisfy standing requirements, "plaintiffs seeking injunctive relief must … prove that the identified injury in fact presents a real and immediate threat of repeated injury." *Kreisler v. Second Avenue Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (internal quotation marks and citations omitted). The Second Circuit has found standing under the ADA where:

> (1) plaintiff alleged past injury under the ADA;
>
> (2) it was reasonable to infer that the discriminatory treatment would continue; and
>
> (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intended to return to the subject location.

*Id.* at 187-88. Here, Velazquez has sufficiently alleged each of the three *Kreisler* factors.

The first factor is a "low threshold." *See John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) ("We have repeatedly described [the injury-in-fact] requirement as 'a low threshold'"). Under the ADA, "deterrence" alone "constitutes an injury." *Kreisler*, 731 F.3d at 188 ("the fact that the wheelchair-inaccessible entrance deterred [plaintiff] from accessing the Diner established a concrete and particularized injury"). Here, Velazquez alleges that he suffered a past injury under the ADA when he was "denied an experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations." (Am. Compl. ¶ 30.) Velazquez specifies several specific accessibility issues he allegedly encountered while browsing the Website.

7

(*Id.* ¶¶ 27-31.)  And, Velazquez alleges that these accessibility problems "deter [him] on a regular basis from equal access to the Website."  (*Id.* ¶ 35.)

Courts in this District have found similar factual allegations in other website ADA cases sufficient to satisfy the injury-in-fact requirement.  *See, e.g.*, *Slade v. Life Spectacular, Inc.*, No. 22-CV-0037, 2022 WL 17542029, at *3 (S.D.N.Y. Dec. 5, 2022) (finding injury-in-fact requirement satisfied when the plaintiff alleged "a sufficiently particularized description of past injury caused by [d]efendant's failure to make its website accessible"); *Chalas v. Barlean's Organic Oils, LLC*, No. 22-CV-4178, 2022 WL 17156838, at *2 (S.D.N.Y. Nov. 22, 2022) (same); *Sanchez v. NutCo, Inc.*, No. 20-CV-10107, 2022 WL 846896, at *2 (S.D.N.Y. March 22, 2022) (same); *Quezada v. U.S. Wings, Inc.*, No. 20-CV-10707, 2021 WL 5827437, at *4 (S.D.N.Y. Dec. 7, 2021) (plaintiff's "incapacity to properly use the website and subsequent deterrence to access the site constitutes an injury-in-fact as it is a direct result of the [defendant's] actions"). Considering the "low threshold" of the injury-in-fact requirement and the deterrence Velazquez alleges to have experienced while browsing the Website, the Court finds that Velazquez has adequately alleged past injury under the ADA.  *John*, 858 F.3d at 736.

For the second factor, a plaintiff bringing an ADA claim involving a website "need only plead facts sufficient to enable a court to infer [that] the discriminatory treatment will continue when [p]laintiff visits the website again."  *Weekes v. Outdoor Gear Exchange, Inc.*, No. 22-CV-1283, 2023 WL 2368989, at *3 (S.D.N.Y. March 3, 2023) (alterations in original) (internal quotation marks omitted) (quoting *Walters v. Fischer Skis U.S., LLC*, No. 21-CV-1115, 2022 WL 3226352, at *4 (S.D.N.Y. Aug. 10, 2022)).  Velazquez claims that Spice & Tea's discriminatory treatment will continue because he has visited the

Website twice, on June 15, 2022, and July 5, 2022, and both times has faced accessibility barriers. (Am. Compl. ¶ 26.) Courts in this District have found similar allegations sufficient to permit a reasonable inference that the discriminatory treatment will continue. *See Weekes*, 2023 WL 2368989, at *3 (allegation that the plaintiff visited the website twice but still confronted accessibility barriers was sufficient to support an inference that the discriminatory treatment will continue); *Sanchez*, 2022 WL 846896, at *1-2 (finding standing where the plaintiff visited defendant's website twice but still confronted accessibility barriers); *see also Maddy v. Life Time, Inc.*, No. 22-CV-5007, 2023 WL 4364488, at *5 (S.D.N.Y. July 5, 2023) (plaintiff visiting the website on numerous occasions and facing same accessibility issues supported the inference that the discriminatory treatment will continue); *Camacho v. Vanderbilt University*, No. 18-CV-10694, 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019) (same). Velazquez's pleading is sufficient to meet the second factor.

For the third and final factor – intent to return to the website – a plaintiff "must plausibly allege 'a real and immediate threat of future injury.'" *Tavarez*, 623 F. Supp.3d at 370 (quoting *Calcano*, 36 F.4th at 75). It is insufficient for a plaintiff to merely state "the magic words," saying that "he intends to return to the defendant's business." *Adams v. 46 N LLC*, No. 22-CV-1075, 2023 WL 2163186, at *3 (S.D.N.Y. Feb. 22, 2023) (internal quotation marks omitted) (quoting *Calcano*, 36 F.4th at 75). In the website context, the third factor can be satisfied with "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL

2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)); *Camacho*, 2019 WL 6528974, at *10 (finding intent to return when plaintiff's allegations demonstrated that plaintiff "(i) tried to visit the Website on multiple occasions; (ii) has a stated motivation for returning to visit the Website in the future; and (iii) may easily return to the Website should it be made accessible").

Here, the Court finds that Velazquez has, even if barely, alleged sufficient, plausible facts to show that he intends to return to the Website. In his affidavit, Velazquez states why he is particularly interested in Spice & Tea's products. According to Velazquez, he needs to reduce his consumption of added sugar due to medical conditions. (Velazquez Aff. ¶ 5.) Spice & Tea's organic green tea appeals to him because it has no added sugars or calories but tastes good. (*Id.*) He further claims he is not satisfied with the quality of ordinary mass-market teas and thus prefers Spice & Tea's products because they include a variety of unique teas. (*Id.* ¶¶ 6-7.) Finally, Velazquez alleges that he will "immediately return to the Website if and when it becomes remediated because [he is] interested in the variety of different flavors and exotic tea offerings offered." (*Id.* ¶ 8.)

Allegations like Velazquez's have been found sufficient to meet the intent-to-return requirement to establish standing. *See Davis v. Wild Friends Foods, Inc.*, No. 22-CV-4244, 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023) (finding intent to return when the plaintiff stated the number of occasions he visited the defendant's website and alleged that he enjoys defendant's products because they are distinctive from other options); *Guerrero v. Ogawa USA Inc.*, No. 22-CV-2583, 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (finding intent to return when the plaintiff alleged that she "wants to purchase a unique, differentiated and highly valuable Ogawa product and has tried to do so on three

10

specific dates"); *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp.3d 76, 82 (S.D.N.Y. 2022) (finding intent to return when the plaintiff alleged the number of occasions he attempted to visit the defendant's website, "the specific product [p]laintiff allegedly seeks to buy, his habit of consuming chocolate, and characteristics of [d]efendant's Almond Mini Bars that he finds attractive").

According to Spice & Tea, Velazquez is a "serial Plaintiff" who has filed 106 other similar lawsuits and thus is "not a customer with an intention to use the website with some frequency." (Def. Mem. at 5; Costa Aff., Exs. 1-7 (copies of complaints filed by Velazquez).) Spice & Tea cites *Winegard v. Golftec Intellectual Property LLC*, 674 F. Supp.3d 21, 25 (E.D.N.Y. 2023), in which the court granted the defendant's motion to dismiss for lack of standing and commented that "[t]o find standing on the paltry allegations here would allow any sensory-impaired person to sit down at their computer, visit 50 websites … and bring 50 lawsuits. Standing requires more." *Id.*

The instant case, however, is distinguishable from *Winegard*. In *Winegard*, the plaintiff never claimed to have patronized defendants' centers, "never claim[ed] to have patronized defendants' centers," "merely parrot[ed] the legal standard" for intent to return, and his allegations of "frequency of [his] travel near the defendant's business" was "a carry-over from plaintiff's counsel brick-and-mortar template." *Id.* Velazquez's standing allegations are more detailed than those in *Winegard*. Those allegations may later prove to be entirely disingenuous and manufactured to bring this case, but, at this juncture, they are plausible, and the Court must accept them as true.

The Second Circuit and other courts have recognized that plaintiffs who bring numerous ADA actions may nevertheless have a plausible cause of action. Thus,

11

"testers," or those who surveil places of public accommodations, including websites, to check if they comply with the ADA, can have standing if they demonstrate that "they have suffered an Article III injury in fact." *Harty*, 28 F.4th at 444 n.3. "[T]he fact that the [p]laintiff … may be an ADA tester is not dispositive." *Davis*, 2023 WL 4364465, at *4. The number of complaints filed by the plaintiff "may just as well reflect the rampant nature of discrimination that persons with visual impairments face when using the internet." *Id.*; *see also Jimenez v. Senior Exchange, Inc.*, No. 23-CV-0323, 2024 WL 1833808, at *4 (S.D.N.Y. Apr. 26, 2024) ("Plaintiff may well have filed many cases in this District because she has experienced genuine accessibility barriers when attempting to access other websites"); *Camacho*, 2019 WL 6528974, at *11 (denying defendant's motion to dismiss for lack of standing despite "accept[ing] [d]efendant's representation that [p]laintiff filed 50 other complaints containing similar, if not identical, allegations against other institutions"). Velazquez has pled facts sufficient to show that he suffered an injury in fact, regardless of the number of complaints he has filed.

In sum, Velazquez has met all three requirements to establish Article III standing for injunctive relief under the ADA.

**B.     Velazquez's Claims Are Not Moot**

Spice & Tea argues that, even if Velazquez has standing under the ADA, the Court should nonetheless dismiss Velazquez's claims because the Website has been and is ADA-compliant. (*See generally* Def. Mem. at 6-8.) "[A] defendant's voluntary compliance with the statute" renders a claim moot only "if the defendant meets the 'formidable burden' of demonstrating that it is 'absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19-

CV-11197, 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (observing that mootness occurs "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot") (internal quotation marks and citations omitted). More specifically, "[t]he voluntary cessation of allegedly illegal activity may render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief of events have completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)). Spice & Tea has not met those requirements at this stage of the proceedings.

Velazquez and Spice & Tea have submitted competing affidavits and website compliance reports to support their arguments about the Website's compliance status. Spice & Tea submitted two affidavits from its CEO, Freeman, and an affirmation from its IT Manager, Domingues, stating that the Website is currently compliant with the WCAG 2.1 level AA standards. (First Freeman Aff. ¶ 6; Second Freeman Aff. ¶ 5; Domingues Aff. ¶ 12.) Spice & Tea claims that it has conducted accessibility tests using "accessiBe," first on October 29, 2020, and again on September 19, 2023, and has submitted the audit report from the second test stating that the Website is compliant. (First Freeman Aff. ¶¶ 7, 10; Second Freeman Aff. ¶¶ 6, 9; Domingues Aff. ¶ 7; Dkt. 47-4, Ex. A.) Spice & Tea also states it has retained two additional vendors, Crimson Agility on January 9, 2023,

and AudioEye on February 25, 2023, both of which reported that the Website is compliant. (First Freeman Aff. ¶ 14; Second Freeman Aff. ¶ 10.) Spice & Tea attached an audit report from Crimson Agility but not from AudioEye. (Dkt. 45-18, Ex. A.)

For his part, Velazquez filed an affidavit from his counsel, Willard, attaching a website diagnostic report stating that the Website is not compliant. (Willard Aff. ¶ 4; Dkt. 48-4, Ex. A.) However, the diagnostic report lacks material information, including the name of the individual or company performing the audit, the qualifications of that entity, the methodology used, and an explanation of the results.

Spice & Tea's submissions fail to satisfy the "formidable burden" of showing that it is "absolutely clear" that there are no accessibility issues on the Website.[12] Some defendants have succeeded in meeting that exacting standard by demonstrating through affidavits and other evidence that their websites are and will remain ADA compliant, thus mooting the plaintiff's claims. In those cases, the defendants came forward with detailed, non-conclusory evidence of the processes used and the fixes applied. For example, in *Guglielmo*, the court granted the defendant's motion to dismiss because the defendant's declaration, among other things, "detail[ed] the audit process the [d]efendant undertook," "provide[d] quantified examples of the audit's findings," and "attest[ed] that … [d]efendant's employees resolved each of the identified issues." 2020 WL 7480619, at *6. In another case, the defendant submitted both a detailed declaration of a third-party

---

[12] Because Spice & Tea's submissions are flawed and do not establish mootness, it is of no moment that the diagnostic report submitted by Velazquez predates some of the audits referenced by Spice & Tea. *Cf. Rizzi v. Hilton Domestic Operating Company, Inc.*, No. 18-CV-1127, 2020 WL 7000356, at *6 (E.D.N.Y. Aug. 11, 2020), *R. & R. adopted*, 2020 WL 6253713 (E.D.N.Y. Oct. 23, 2020) (finding mootness in part because the defendant's audit report post-dated the plaintiff's report).

14

accessibility expert who thoroughly explained the methodology used for assessment and opined that there were no accessibility barriers, and a declaration of the defendant describing specific efforts – such as operating a team of nine accessibility specialists that includes one blind person – to ensure continued accessibility of its websites.  *Rizzi*, 2020 WL 7000356, at *6.

  Spice & Tea's submissions on the instant motion fall far short of such evidence.  The two affidavits submitted by Spice & Tea's CEO merely state that Defendant has "undertaken to comply with the [WCAG]" and "been committed to continuing to keep its website up to date and compliant with all applicable standards," without specifying what kinds of measures it has taken to ensure compliance.  (First Freeman Aff. ¶¶ 6, 11; Second Freeman Aff. ¶¶ 5, 15.)  Other than naming the individual who prepared the report and stating that the Website meets WCAG 2.1 standards, the Crimson Agility audit report is vague about the methodologies used.  (*See* Dkt. 45-18, Ex. A.)  For instance, when describing the tool used for the assessment, the report merely claims "[t]his tool's report is very strict," without further elaboration.  (*Id.*)  The report then states it "also used Google Lighthouse as a reference for a score" but admits it "is not the most trustable feedback since any person could access and won't go through all the details as ADA evaluation expects." (*Id.*)  Nor does Spice & Tea include an affidavit or declaration from the individual who conducted the analysis to explain the processes used or the reliability of its findings.  Instead, CEO Freeman states that Spice & Tea "had a report run by Crimson Agility and [the W]ebsite was found to be compliant."  (First Freeman Aff. ¶ 14.)  These are general and conclusory statements that the Court finds insufficient to establish mootness.

Similarly, Freeman states that Spice & Tea retained AudioEye to conduct an audit but does not provide any background information on AudioEye, does not delineate the processes used, does not identify any specific findings, and does not attach any audit report. (*See* Second Freeman Aff. ¶ 10.) Spice & Tea fares no better with its accessiBe report, dated September 19, 2023. The report states that the Website is compliant but does not identify the qualifications of the auditor, does not explain the methodology used, and does not explain the basis for its conclusion. (*See* Dkt. 47-4, Ex. A.) Furthermore, courts in this District have questioned accessiBe's reliability. *See Angeles*, 2021 WL 4340427, at *3 (accepting the attestation of the plaintiff's expert that accessiBe's audit report is "severely deficient") (internal quotation marks omitted); *Quezada*, 2021 WL 5827437, at *3 (denying the defendant's motion to dismiss for mootness where plaintiff's expert submitted an affidavit stating that accessibility issues persisted despite the defendant's submission of an accessiBe audit report concluding the defendant's website was ADA-compliant).

In short, Spice & Tea has not established, on the instant motion, that its website is in fact ADA-compliant and that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."[13] *Friends of the Earth*, 528 U.S. at 190; *see also Wu v. Jensen-Lewis Co.*, 345 F. Supp.3d 438, 442-43 (S.D.N.Y. 2018) (denying

---

[13] In some ADA website cases courts have rejected mootness arguments because of competing competent evidence submitted by the parties. *See, e.g.*, *Guerrero*, 2023 WL 4187561, at *4 (finding that defendant failed to establish mootness where plaintiff submitted expert declaration opining that website was not fully compliant); *Hecht v. Magnanni Inc.*, No. 20-CV-5316, 2022 WL 974449, at *4 (S.D.N.Y. March 31, 2022) (same); *Sanchez*, 2022 WL 846896, at *3 (same). Although Plaintiff has not submitted an expert declaration or other competent proof of compliance, the burden is on Defendant to demonstrate the matter is moot; by failing to submit any competent evidence of its own, Defendant has not met its burden.

16

defendant's 12(b)(1) motion to dismiss based on mootness because defendant, in citing its new website and asserting compliance, did "not convincingly show that its new website is ADA-compliant, [and] consequently, it has not shown that the 'wrongful behavior' has permanently ceased").

## C. The Court Has Supplemental Jurisdiction Over Velazquez's NYCHRL Claims

District courts have supplemental jurisdiction over state and local law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Velazquez's NYCHRL claims are "governed by the same standing requirements as the ADA." *Mendez v. Apple Inc.*, No. 18-CV-7550, 2019 WL 2611168, at *4 (S.D.N.Y. March 28, 2019). Because Velazquez has standing under the ADA, he also has standing under the NYCHRL; and because the Court has subject matter jurisdiction over the ADA claims, it may retain supplemental jurisdiction over the NYCHRL claims. Accordingly, the NYCHRL claims should not be dismissed at this time.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion to dismiss for lack of subject matter jurisdiction be DENIED. To the extent not discussed herein, the Court has considered the parties' arguments and determined them to be moot or without merit.

## DEADLINE FOR FILING OBJECTIONS AND PRESERVING APPEAL

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a

written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Paul G. Gardephe, United States Courthouse, 40 Foley Square, Room 2104, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, Room 1960, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Gardephe. Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.

Respectfully submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 22, 2024
       New York, New York

Copies transmitted on this date to all counsel of record.