UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN VELAZQUEZ, ON BEHALF OF
HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

                Plaintiff,

- v -

THE SPICE & TEA EXCHANGE
DISTRIBUTION, LLC,

                Defendant.

**ORDER**

22 Civ. 7535 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Bryan Velazquez alleges that Defendant The Spice & Tea Exchange Distribution, LLC's website is not accessible to the legally blind. (Am. Cmplt. (Dkt. No. 24) ¶¶ 1, 4) The Amended Complaint asserts claims for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182 et seq. (the "ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. (the "NYCHRL"). (Id. ¶¶ 52-75)

        Defendant moved to dismiss (Def. Mot. (Dkt. No. 45)), and this Court referred the motion to Magistrate Judge Robert Lehrburger for a Report and Recommendation ("R&R"). (Dkt. No. 62) Judge Lehrburger recommends that Defendant's motion be denied. (R&R (Dkt. No. 65))

        For the reasons stated below, this Court will adopt Judge Lehrburger's R&R in its entirety, and Defendant's motion to dismiss will be denied.

# BACKGROUND

## I. FACTS[1]

Plaintiff Velazquez is a legally blind person, and he requires screen-reading software to read content on the Internet. (Am. Cmplt. (Dkt. No. 24) ¶ 2) Defendant The Spice & Tea Exchange Distribution, LLC ("Spice & Tea") owns and operates www.spiceandtea.com (the "Website"), on which it offers products for sale throughout the United States. (Id. ¶¶ 21-22) The Amended Complaint alleges that Velazquez visited the Website on June 15, 2022, intending to purchase an organic green tea gift box. (Id. ¶¶ 25-26) But Velazquez was unable to use the Website because it lacks accommodations, such as alternative text, that would allow visually impaired individuals to use the Website in the same way sighted individuals do. (Id. ¶¶ 31-32) On July 5, 2022, Velazquez again attempted to purchase tea on the Website, but faced the same accessibility barriers. (Id. ¶¶ 26-31) In the Amended Complaint, Velazquez represents that he intends to visit the Website again if it is made accessible to him. (Id. ¶ 33)

## II. PROCEDURAL HISTORY

The Complaint was filed on September 2, 2022, names Spice & Tea as the sole defendant, and alleges violations of the ADA and the NYCHRL. (Cmplt. (Dkt. No. 1)) On September 7, 2022, this Court referred the case to Magistrate Judge Lehrburger for general pretrial supervision. (Dkt. No. 5) On February 16, 2023, Plaintiff filed an Amended Complaint. (Am. Cmplt. (Dkt. No. 24))

---

[1] Because the parties have not objected to Judge Lehrburger's account of the facts, this Court adopts it in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section . . . ."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC)(SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

On July 28, 2023, Defendant moved to dismiss the Amended Complaint for lack of subject matter jurisdiction. (Def. Mot. (Dkt. No. 45)) On September 1, 2023, Plaintiff filed an opposition brief (Pltf. Opp. (Dkt. No. 48)), and on September 21, 2023, Defendant filed a reply. (Def. Reply (Dkt. No. 47))

This Court referred Defendant's motion to Judge Lehrburger for an R&R on April 25, 2024. (Dkt. No. 62) On August 22, 2024, Judge Lehrburger issued an 18-page R&R recommending that Defendant's motion to dismiss be denied. (R&R (Dkt. No. 65)) Defendant filed objections to Judge Lehrburger's R&R on September 16, 2024. (Def. Obj. (Dkt. No. 68))[2]

### III.   THE MAGISTRATE JUDGE'S R&R

In moving to dismiss for lack of subject matter jurisdiction, Defendant Spice & Tea argues that (1) Velazquez does not have standing to bring his claim; and (2) in any event, the matter is moot because Spice & Tea's website is now ADA compliant.[3] (R&R (Dkt. No. 65) at 1)[4] Judge Lehrburger recommends "that Defendant's motion to dismiss for lack of subject matter jurisdiction be denied." (Id. at 17)

---

[2] In a September 5, 2024 order, this Court extended the deadline for filing objections to September 16, 2024. (Dkt. No. 67)

[3] Judge Lehrburger notes that Spice & Tea raises a new argument "in its reply brief, asserting that a Title III plaintiff must notify the defendant of the alleged disability before filing suit." (R&R (Dkt. No. 65) at 6 n.11) As Judge Lehrburger points out, arguments raised for the first time in a reply brief need not be addressed. (Id. (citing Unlimited Cellular, Inc. v. Red Points Solutions SL, 677 F. Supp.3d 186, 205 (S.D.N.Y. 2023); ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007)) Moreover, "the notification requirement [cited by Defendant] applies to claims of a defendant's failure to make reasonable accommodation, not an accessibility case such as this one." (Id.) (citing McBride v. BIC Consumer Products Manufacturing Co., Inc., 583 F.3d 92, 97 (2d Cir. 2009)) This Court finds no error in either conclusion.

[4] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

A.     **Standing**

As to standing, Spice & Tea contends that Plaintiff Velazquez "cannot establish either an injury or that any alleged injury is likely to occur in the future[,] . . . [because] he has not alleged facts to suggest that there is a likelihood that the alleged discriminatory treatment would continue." (Def. Br. (Dkt. No. 46) at 9)  Although Velazquez "alleges an intent to visit Defendant's website in the future[,]" "the history of Plaintiff and his attorney asserting the same allegations against over 106 website owners[]" makes Velazquez's "claims that he intends to return to" Spice & Tea's website "less plausible." (Id. at 9-10)  Spice & Tea goes on to assert that "Plaintiff is a serial [p]laintiff and not a customer with an intention to use the website with some frequency[,]" and thus the "Amended Complaint should be dismissed for lack of standing." (Id.)

In his R&R, Judge Lehrburger states that "[t]he Second Circuit has found standing under the ADA where:  (1) plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intended to return to the subject location." (R&R (Dkt. No. 65) at 7) (citing Kreisler v. Second Avenue Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013))  Judge Lehrburger concludes that Velazquez "has sufficiently alleged each of [those] factors" here. (Id.)

As to the first requirement, Judge Lehrburger explains that, in the Second Circuit, "'deterrence' alone 'constitutes an injury'" for purposes of the ADA. (Id.) (quoting Kreisler, 731 F.3d at 188)  Given this standard, Velazquez's allegations that (1) "he was 'denied a[] [shopping] experience similar to that of a sighted individual due to the website's lack of a variety of features

4

and accommodations[,]'" and (2) "several specific accessibility issues he . . . encountered while browsing the Website" "'deter [him] on a regular basis from equal access to the Website'" (id. at 7-8) (quoting Am. Cmplt. (Dkt. No. 24) ¶¶ 30, 35), are sufficient to satisfy the "'low threshold'" for pleading the injury-in-fact requirement. (Id. at 8) (quoting John v. Whole Foods Market Group, Inc., 858 F.3d 732, 736 (2d Cir. 2017))

As to the second requirement, Judge Lehrburger notes that "a plaintiff bringing an ADA claim involving a website 'need only plead facts sufficient to enable a court to infer [that] the discriminatory treatment will continue when [p]laintiff visits the website again.'" (Id.) (quoting Weekes v. Outdoor Gear Exchange, Inc., No. 22-CV-1283, 2023 WL 2368989, at *3 (S.D.N.Y. March 3, 2023) (alterations in original) (quotation marks and citation omitted)) Velazquez's allegations that "he has visited the Website twice, on June 15, 2022, and July 5, 2022, and both times has faced accessibility barriers[,]" are "sufficient to permit a reasonable inference that the discriminatory treatment will continue." (Id. at 8-9)

As to the third requirement – proof of an intention to return to the website – Judge Lehrburger states that this factor "can be satisfied with 'non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website.'" (Id. at 9) (quoting Loadholt v. Dungarees, Inc., No. 22-CV-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023)) Judge Lehrburger finds that Velazquez's affidavit contains "sufficient, plausible facts to show that he intends to return to the Website":

> In his affidavit, Velazquez states why he is particularly interested in Spice & Tea's products. According to Velazquez, he needs to reduce his consumption of added sugar due to medical conditions. (Velazquez Aff. ¶ 5.) Spice & Tea's organic green tea appeals to him because it has no added sugars or calories but tastes good. (Id.) He

5

> further claims he is not satisfied with the quality of ordinary mass-market teas and thus prefers Spice & Tea's products because they include a variety of unique teas. (Id. ¶¶ 6-7.) Finally, Velazquez alleges that he will "immediately return to the Website if and when it becomes remediated because [he is] interested in the variety of different flavors and exotic tea offerings offered." (Id. ¶ 8.)

(Id. at 10) (quoting Pltf. Opp., Ex. 3 (Velazquez Aff.) (Dkt. No. 48-3))

In finding that Velazquez's allegations are sufficient to demonstrate standing, Judge Lehrburger distinguishes Winegard v. Golftec Intellectual Property LLC, 674 F. Supp.3d 21 (E.D.N.Y. 2023), which is the primary case cited by Defendant Spice & Tea. Judge Lehrburger explains that in Winegard, "plaintiff never claimed to have patronized defendants' centers, 'merely parrot[ed] the legal standard' for intent to return, and his allegations of [the] 'frequency of [his] travel near the defendant's business' was 'a carry-over from plaintiff's counsel's brick-and-mortar template.'" (Id. at 11) (quoting Winegard, 674 F. Supp.3d at 25) By contrast, Velazquez explains why he is interested in Spice & Tea's products, and why he regards them as superior to competing products. See id. at 10. Finding that "Velazquez's standing allegations are more detailed" than those at issue in Winegard, Judge Lehrburger concludes that he has plausibly pled an intent to return. (Id. at 11)

Judge Lehrburger thus finds that "Velazquez has satisfied the requirements of Article III standing." (Id. at 6)

B. **Mootness**

Spice & Tea argues that Velazquez's "claims are moot because, before being served with the Amended Complaint," Spice & Tea had been ensuring compliance with Website Content Accessibility Guidelines 2.1 (the "WCAG" or "WCAG 2.1") "standards applicable to websites falling under the scope of Title III of the ADA." (Def. Br. (Dkt. No. 46) at 10) In this regard, Spice & Tea offers an affidavit from Amy Freeman, its chief executive officer, alleging that Spice & Tea "engaged [a]ccessiBe[,]" which produces WCAG 2.1 compliance software, "to

6

bring its website into full compliance and ensure that it stays compliant." (Id.) (citing Def. Mot., Ex. 17 (Freeman Aff.) (Dkt. No. 45-17)) Spice & Tea goes on to say that it "then went even further and hired a second vendor to maintain the website in compliance with WCAG 2.1 standards." (Id.) (citing Def. Mot., Ex. 17 (Freeman Aff.) (Dkt. No. 45-17))

Spice & Tea contends that it "has demonstrated that its website has undergone compliance measures and is compliant such that Plaintiff's requested injunctive relief is not available to him." (Id. at 11) According to Defendant, "there is no reasonable expectation that the alleged violation will recur[,] because [Spice & Tea] committed 2 years ago to keeping its website compliant with WCAG 2.1 standards." (Id.) "Plaintiff's Amended Complaint is [therefore] moot." (Id. at 12)

In his R&R, Judge Lehrburger explains that "'[a] defendant's voluntary compliance with the [ADA]' renders a claim moot only 'if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."'" (R&R (Dkt. No. 65) at 12) (quoting Guglielmo v. Nebraska Furniture Mart, Inc., No. 19- CV-11197, 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020)) Judge Lehrburger concludes that Velazquez's claims are not moot because "Spice & Tea's submissions fail to satisfy the 'formidable burden' of showing that it is 'absolutely clear' that there are no accessibility issues on the Website." (Id. at 14) (quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190 (2000)) While "Spice & Tea submitted two affidavits from its CEO, Freeman, and an affirmation from its IT Manager, [Patrick] Domingues, stating that the Website is currently compliant with the WCAG 2.1 . . . standards[,]" these submissions "fall far short" of the sort of "detailed, non-conclusory evidence

7

of the processes used and the fixes applied" necessary to demonstrate ADA compliance in the website accessibility context. (Id. at 13-15)

As an example of the sort of "non-conclusory evidence" necessary to meet the "absolutely clear" standard, Judge Lehrburger cites an expert's declaration that "'detail[s] the audit process th[at] [d]efendant undertook,' 'provide[s] quantified examples of the audit's findings,' and 'attest[s] that . . . [d]efendant's employees resolved each of the identified issues.'" (Id. at 14) (quoting Guglielmo, 2020 WL 7480619, at *6) Judge Lehrburger also cites to Rizzi v. Hilton Domestic Operating Company, Inc., No. 18-CV-1127, 2020 WL 7000356 (E.D.N.Y. Aug. 11, 2020), R&R adopted, 2020 WL 6253713 (E.D.N.Y. Oct. 23, 2020), where defendant submitted (1) a "detailed declaration of a third-party accessibility expert who thoroughly explained the methodology used for assessment and opined that there were no accessibility barriers"; and (2) "a declaration . . . describing specific efforts – such as operating a team of nine accessibility specialists that includes one blind person – to ensure continued accessibility of its websites." (Id. at 14-15) (citing Rizzi, 2020 WL 7000356, at *6)

Here, by contrast, Spice & Tea's chief executive officer Amy Freeman "merely state[s] that Defendant has 'undertaken to comply with the [Website Content Accessibility Guidelines 2.1]' and [has] 'been committed to continuing to keep its website up to date and compliant with all applicable standards.'" (Id. at 15) (quoting Def. Mot., Ex. 17 (Freeman Aff.) (Dkt. No. 45-17) ¶¶ 6, 11; Def. Reply, Ex. 1 (Freeman Aff.) (Dkt. No. 47-1) ¶¶ 5, 15)) Defendant does not, however, "specify[] what kinds of measures it has taken to ensure compliance." (Id.) (citing Def. Mot., Ex. 17 (Freeman Aff.) (Dkt. No. 45-17) ¶¶ 6, 11; Def. Reply, Ex. 1 (Freeman Aff.) (Dkt. No. 47-1) ¶¶ 5, 15) And while CEO Freeman "states that Spice & Tea retained AudioEye to conduct an audit[,]" she "does not provide any background

information on AudioEye, does not delineate the processes used, does not identify any specific findings, and does not attach any audit report." (Id. at 16) (citing Def. Reply, Ex. 1 (Freeman Aff.) (Dkt. No. 47-1) ¶ 10)  And while Spice & Tea offers an audit report from Crimson Agility, the "Crimson Agility audit report is vague about the methodologies used[,]" and does not "include an affidavit or declaration from the individual who conducted the analysis to explain the processes used or the reliability of its findings." (Id. at 15) (citing Def. Mot., Ex. A (Crimson Agility Rpt.) (Dkt. No. 45-18))

Spice & Tea's accessiBe report "fares no better." (Id. at 16)  While the accessiBe report "states that the Website is compliant[,]" the report "does not identify the qualifications of the auditor, does not explain the methodology used, and does not explain the basis for its conclusion." (Id.) (citing Def. Reply, Ex. A (accessiBe Rpt.) (Dkt No. 47-4))  Judge Lehrburger concludes that "Spice & Tea has not established, on the instant motion, that its website is in fact ADA-compliant and that it is 'absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'"[5] (Id.) (quoting Friends of the Earth, 528 U.S. at 190)

Accordingly, Judge Lehrburger concludes that Velazquez's claims are not moot. (See id. at 12)

C.  **Plaintiff's NYCHRL Claim**

Having concluded that Plaintiff's ADA claim survives Defendant's motion to dismiss on grounds of lack of standing and mootness, Judge Lehrburger further recommends that Defendant's motion to dismiss Plaintiff's NYCHRL claim be denied. (Id. at 17)

---

[5] Judge Lehrburger acknowledges that "Plaintiff has not submitted an expert declaration or other competent proof of [non-]compliance," but points out that "the burden is on Defendant to demonstrate the matter is moot; by failing to submit any competent evidence of its own, Defendant has not met its burden." (Id. at 16 n.13)

("Because Velazquez has standing under the ADA, he also has standing under the NYCHRL; and because the Court has subject matter jurisdiction over the ADA claims, it may retain supplemental jurisdiction over the NYCHRL claims.")

In sum, Judge Lehrburger recommends that Spice & Tea's motion to dismiss for lack of subject matter jurisdiction be denied. (Id.)

## IV.  DEFENDANT'S OBECTIONS TO THE R&R

In its objections to the R&R, Spice & Tea argues that Judge Lehrburger misapplied the law regarding standing and mootness. (Def. Obj. (Dkt. No. 68))

## DISCUSSION

## I.  LEGAL STANDARDS

### A.  Review of Magistrate Judge's Report & Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a party may submit objections to the magistrate judge's R&R. Any objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been

10

committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where, as here, a timely objection has been made to a magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (second alteration in Phillips). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . rehashing . . . the same arguments set forth in the original petition.") (quotation marks and citations omitted).

B. **Rule 12(b)(1) Standard**

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter jurisdiction) . . . ." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

11

when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Where subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)[,] a district court may consider evidence outside the pleadings." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010) (citing Makarova, 201 F.3d at 113).

In reviewing a Rule 12(b)(1) motion, a court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." Id. A court may also "consider 'matters of which judicial notice may be taken.'" Greenblatt v. Gluck, No. 03-CV-597 (RWS), 2003 WL 1344953, at *1 n.1 (S.D.N.Y. Mar. 19, 2003) (quoting Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993)).

## II. ANALYSIS

Spice & Tea contends that Judge Lehrburger erred in (1) "[o]verlooking the well-established law and decisions in this district regarding standing;" and (2) "[n]ot applying the standards in this District for mootness." (Def. Obj. (Dkt. No. 68) at 3)

### A. Standing

As to standing, Spice & Tea contends that Judge Lehrburger erred in finding that Velazquez adequately pled an intent to return to the Website. (Id. at 3-5) According to Defendant, Judge Lehrburger improperly "relied on Plaintiff's affidavit and not on the Amended

12

Complaint" for the assertion that Velazquez "would return to Defendant's website to buy tea in order to cut down on sugar." (Id. at 4) "The entire reduction in sugar argument was not pled" in the Amended Complaint. (Id. at 5)

As discussed above and in the R&R, however, in addressing a fact-based standing challenge, a court may consider material outside a complaint, including facts set forth in an affidavit:

> [A] fact-based Rule 12(b)(1) motion involves "evidence beyond the [p]leading." Carter [v. HealthPort Technologies, LLC, 822 F.3d 47, 57 (2d Cir. 2016)]; see also Zappia Middle East Construction Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (on a fact-based jurisdictional motion, the court "may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits") (internal quotation marks and citation omitted). For a fact-based motion, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 210 F.3d at 113. The plaintiff must "come forward with evidence of [its] own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." Carter, 822 F.3d at 57 (quoting Exchange National Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).

(R&R (Dkt. No. 65) at 4-5)

It is well established that, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider evidence outside the pleadings." Morrison, 547 F.3d at 170 (citing Makarova, 201 F.3d at 113). Indeed, Spice & Tea acknowledges in its papers that, "when ruling on a motion to dismiss pursuant to Rule 12(b)(1), the 'court may consider evidence outside the pleadings,['] such as affidavits and exhibits.[]"[6] (Def. Br. (Dkt. No. 46) at 8) (quoting Makarova, 201 F.3d at 113)

In sum, Judge Lehrburger committed no error in considering the factual allegations set forth in Velazquez's affidavit in resolving Defendant's standing challenge.

---

[6] And in arguing that Plaintiff's claims are moot, Spice & Tea cites to affidavits it submitted in support of its dismissal motion. (See Def. Br. (Dkt. No. 46) at 10-12)

13

Spice & Tea also argues, however, that Velazquez is a "serial [p]laintiff" who does not plausibly allege a threat of future injury. (See Def. Obj. (Dkt. No. 68) at 3-5) Because Spice & Tea's objections here merely "rehash[ ] . . . the same arguments set forth in [its] original [moving papers]" (compare id., with Def. Br. (Dkt. No. 46) at 9-10, and Def. Reply (Dkt. No. 47) at 7-8), this Court reviews this portion of the R&R only for clear error. Phillips, 955 F. Supp. 2d at 211 (quotation marks and citations omitted) (final brackets in original).

In rejecting Spice & Tea's "serial plaintiff" argument, Judge Lehrburger reasons as follows:

> The Second Circuit and other courts have recognized that plaintiffs who bring numerous ADA actions may nevertheless have a plausible cause of action. Thus, "testers," or those who surveil places of public accommodations, including websites, to check if they comply with the ADA, can have standing if they demonstrate that "they have suffered an Article III injury in fact." Harty v. West Point Realty, Inc., 28 F.4th 435, 444 n.3 (2d Cir. 2022)). "[T]he fact that the [p]laintiff . . . may be an ADA tester is not dispositive." Davis v. Wild Friends Foods, Inc., No. 22-CV-4244, 2023 WL 4364465, at *4 (S.D.N.Y. July 5, 2023). The number of complaints filed by the plaintiff "may just as well reflect the rampant nature of discrimination that persons with visual impairments face when using the internet." Id.; see also Jimenez v. Senior Exchange, Inc., No. 23-CV-0323, 2024 WL 1833808, at *4 (S.D.N.Y. Apr. 26, 2024) ("Plaintiff may well have filed many cases in this District because she has experienced genuine accessibility barriers when attempting to access other websites"); Camacho v. Vanderbilt University, No. 18-CV-10694, 2019 WL 6528974, at *11 (S.D.N.Y. Dec. 4, 2019) (denying defendant's motion to dismiss for lack of standing despite "accept[ing] [d]efendant's representation that [p]laintiff filed 50 other complaints containing similar, if not identical, allegations against other institutions"). Velazquez has pled facts sufficient to show that he suffered an injury in fact, regardless of the number of complaints he has filed.

(R&R (Dkt. No. 65) at 11-12)

This Court finds no error in Judge Lehrburger's analysis. Accordingly, Spice & Tea's objection regarding standing is overruled.

14

B.  **Mootness**

1.  **Applicable Law**

Mootness "is a condition that deprives the court of subject matter jurisdiction." Fox v. Board of Trustees of the State University of New York, 42 F.3d 135, 140 (2d Cir. 1994). "The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties." Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir. 2001). "Thus, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, . . . a case is moot[,] and the federal court is divested of jurisdiction over it." Id. (quotation marks and citations omitted).

"The 'voluntary cessation' exception to the mootness doctrine recognizes, however, that 'a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued.'" Gropper v. Fine Arts Hous., Inc., 12 F. Supp. 3d 664, 669 (S.D.N.Y. 2014) (quoting Already, LLC v. Nike, Inc., 133 S. Ct. 721, 727 (2013)). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." Already, LLC, 133 S. Ct. at 727. Accordingly, a defendant asserting mootness "'bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" Id. (quoting Friends of the Earth, 528 U.S. at 190).

There is "a two-part test to determine when voluntary cessation may render a case moot: 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Gropper, 12 F. Supp. 3d at 670 (quoting Clear Channel Outdoor, Inc. v. City of New York, 594 F.3d 94, 110 (2d Cir. 2010)).

15

2. <u>Analysis</u>

Spice & Tea contends that Judge Lehrburger erred in "impos[ing] rigors upon this Defendant that are not required in this District . . . . for determining mootness in web site accessibility cases." (Def. Obj. (Dkt. No. 68) at 5)[7] According to Spice & Tea,

> [i]n this [D]istrict, [c]ourts have ruled that a sworn statement by the company official with direct knowledge of the allegations describing the steps taken to remedy the violations and measures in place going forward to prevent future violations is sufficient grounds for determining the violations have been cured and are unlikely to recur. <u>Toro v. MedBar Corp.</u>, No. 23 CIV. 6878, 2024 WL 2308804, at *3 (SDNY May 22, 2024).
>
> For example, in <u>Toro</u>, the Court found that it was sufficient for a general manager to submit a declaration showing that he had ensured all of the ADA violations identified by the Plaintiff in the Amended Complaint were remedied and contracted with a vendor to ensure that the website remains compliant with the ADA and state law. This is exactly what was submitted to the Magistrate Judge in this case but yet rejected. <u>See</u> also, <u>Tavares v. Extract Labs, Inc.</u>, No. 21-cv-9916 (JPO) 2023 WL 271[]2537[, at *3] (SDNY 2023)[]; [<u>Guglielmo</u>] <u>v. Nebraska Furniture Mart, Inc.</u>, No. 19 CIV. 11197 (KPF), 2020 WL 748[0]619, at *5[-]6 (SDNY December 18, 2020).

(<u>Id.</u> at 6)

This Court agrees that an affidavit or declaration from a

> company official with direct knowledge of the allegations describing the steps taken to remedy the violations and the measures in place going forward to prevent future violations [may be] sufficient grounds for determining the violations have been cured and are extremely unlikely to recur.

<u>Toro</u>, 2024 WL 2308804, at *3. But in order for a defendant to meet its "formidable burden" in attempting to demonstrate mootness, <u>Already, LLC</u>, 133 S.Ct. at 727, the affidavit or declaration submitted by the company official must explain in some detail the remediation that has been

---

[7] Because Spice & Tea's objection merely "rehash[es] . . . the same arguments set forth in [its] original [moving papers]," this Court reviews Judge Lehrburger's conclusions only for clear error. <u>Phillips</u>, 955 F. Supp. 2d at 211 (quotation marks and citations omitted) (final brackets in original).

16

performed and why these steps are sufficient to ensure that access issues will not recur in the future.

In Toro, for example, the court relied on a "detailed declaration" submitted by the defendant's general manager outlining the audit process performed by the vendor hired to ensure that defendant's website was ADA-compliant. Toro, 2024 WL 2308804, at *4. The declaration explains that the audit was a "three-step process consisting of automated, manual, and assistance technology." Toro v. Medbar Corp., No. 23-CV-6878 (AS) (JLC), Upshur Decl. (Dkt. No. 25-1) ¶ 14. "The compliance audit reviewed the critical errors, alerts, color contract, media, captioning, ARIA [Accessible Rich Internet Applications], page flow, and other requirements to ensure the Website is accessible." Id. The Toro defendant's declaration also detailed its remediation process, explaining that the vendor "identified a few problems . . . on the Website that reflected the problems alleged by Plaintiff and remedied each of them" by "prepar[ing] and implement[ing] a full remediation process of code checking and manual fixes; communicat[ing] on [defendant's] behalf to any required third-party apps with control over any noted accessibility errors; check[ing] and fix[ing] color contrast errors; review[ing] Alt-text on images; and review[ing] captions on videos." (Id. ¶ 15)

By contrast, the affidavit from Spice & Tea's CEO and the reports from its vendors – AudioEye and Crimson Agility – contain none of this detail. As discussed above, none of these submissions explains what measures were taken to ensure ADA compliance, the processes and methodologies used, or the findings made.

Tavarez, 2023 WL 2712537 – also cited by Defendant (see Def. Obj. (Dkt. No. 68) at 6) – also demonstrates the inadequacy of Spice & Tea's submissions. The Tavarez court states that defendants can satisfy their "'formidable burden' in ADA website accessibility cases

if they produce an affidavit or declaration that has a sufficient 'level of detail' and explains why and how the defendant has taken measures to ensure that [their] website is in full compliance with the [WCAG] best practices." Tavarez, 2023 WL 2712537, at *2 (quoting Diaz v. Kroger Co., No. 18 Civ. 7953 (KPF), 2019 WL 2357531, at *3 (S.D.N.Y. June 4, 2019)). The court warns, however, that "[n]ot just any submission will suffice[,]" and that "[a] defendant's submission of a mere 'future plan for remediation of the [w]ebsite' or their 'conclusory assertion that the [w]ebsite is today compliant with the ADA' is insufficient." Id. (quoting Diaz, 2019 WL 2357531, at *2).

In finding defendant's submissions in Tavarez sufficient, the court noted that defendant had "show[n] that it ha[d] completed a complete redesign of the website" and "'(i) detail[ed] the audit process that [d]efendant undertook to identify issues relating to [p]laintiff's allegations; (ii) provide[d] quantified examples of the audit's findings; (iii) observe[d] that . . . few instances of the access barriers alleged by [p]laintiff were actually identified; and (iv) attest[ed] that . . . [d]efendant's employees resolved each of the identified issues' in the Amended Complaint." Id. at *3 (quoting Guglielmo v. Nebraska Furniture Mart, Inc., No. 19 CIV. 11197 (KPF), 2020 WL 7480619, at *6 (S.D.N.Y. Dec. 18, 2020)). The defendant's declaration – from its director of marketing – "detailed participation by other [company] personnel, including the CEO, in remedial efforts as well as paying for a subscription which 'continually monitors' WCAG developments and provides '24-hour automatic maintenance scans of new and updated content to be sure [that] there are no accessibility issues for persons with disabilities.'" Id. (quoting Tavarez v. Extract Labs, Inc., No. 21-CV-9916 (JPO), Rogers Decl. (Dkt. No. 22-2) ¶ 13). The director of marketing further explained how he had "'personally' confirmed that all the alleged accessibility deficiencies in the initial complaint –

issues with screen-reading product descriptions; issues with reading images; issues with reading price information; and issues about using the website's 'cart' – had 'been remedied.'" Id. (quoting Tavarez v. Extract Labs, Inc., No. 21-CV-9916 (JPO), Rogers Decl. (Dkt. No. 22-2) ¶¶ [22-]23).

Finally, in Guglielmo, 2020 WL 7480619 – also cited by Defendant (see Def. Obj. (Dkt. No. 68) at 6) – "the court granted the defendant's motion to dismiss [on mootness grounds] because the defendant's declaration, among other things, 'detail[ed] the audit process th[at] [d]efendant undertook,' 'provide[d] quantified examples of the audit's findings,' and 'attest[ed] that . . . [d]efendant's employees resolved each of the identified issues.'" (R&R (Dkt. No. 65) at 14) (quoting Guglielmo, 2020 WL 7480619, at *6)  By contrast, and as noted earlier, "Spice & Tea's submissions on the instant motion fall far short of such evidence"; they do not "specify[] what kinds of measures [Spice & Tea] has taken to ensure compliance" and are "vague about the methodologies used." (Id. at 15)

This Court finds no error in Judge Lehrburger's mootness analysis. Accordingly, Spice & Tea's objection is overruled.

*     *     *     *

Having reviewed the remaining portions of Judge Lehrburger's 18-page R&R, the Court concludes that the R&R is thorough, well-reasoned, and free of any clear error.

## CONCLUSION

For the reasons stated above, Judge Lehrburger's R&R (Dkt. No. 65) is adopted in its entirety, and Defendant's motion to dismiss (Dkt. No. 45) is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 45).

Dated: New York, New York
       December 3, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge